**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

JOINT LIQUIDATORS OF THREE ARROWS
CAPITAL, LTD. (IN LIQUIDATION),

                Petitioner,

      v.

ZANE TACKETT,

                Respondent.

Case No.

**DECLARATION OF TIFFANY M. IKEDA IN SUPPORT OF THE JOINT
LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.'S  MOTION FOR ORDER
AUTHORIZING SUBSTITUTED SERVICE OF SUBPOENA ON ZANE TACKETT**

I, Tiffany M. Ikeda, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of

perjury under the laws of the United States of America, as follows:

1.      I am a Counsel at Latham & Watkins LLP ("Latham") and counsel for the Russell

Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators

(the "Joint Liquidators") appointed in the British Virgin Islands' ("BVI") liquidation of Three

Arrows Capital, Ltd. (in liquidation) (the "3AC Debtor").

2.      I submit this declaration in support of *The Joint Liquidators of Three Arrows*

*Capital, Ltd.'s Motion for Order Authorizing Substituted Service of Subpoena on Zane Tackett*

filed contemporaneously herewith (the "Motion").

3.      Except as otherwise indicated, the facts set forth in this declaration are based upon

my personal knowledge, my review of relevant documents, or my opinion based upon

experience, knowledge, and information concerning the 3AC Debtor.  I am authorized to submit

this declaration on behalf of the 3AC Debtor, and if called upon to testify, I could and would testify competently to the facts set forth herein.

4.      On November 8, 2024, I received via email from the FTX Debtors' counsel the *Debtors' Responses and Objections to The Joint Liquidators of Three Arrows Capital, Ltd.'s (i) Third Set of Interrogatories and (ii) Third Set of Requests for The Production of Documents*. Attached hereto as Exhibit A is a true and correct copy of this document.

5.      On November 12, 2024, under my supervision, a member of the Latham team mailed the *Subpoena to Testify at a Deposition in a Bankruptcy Case (Or Adversary Proceeding)* via FedEx Priority Overnight to Zane Tackett's residence at 5229 County Road 5, Erie, CO 80516.  The package was delivered on November 13, 2024 and signed for by B. Kanaday at 10:32 a.m.  Attached hereto as Exhibit B is a true and correct copy of the FedEx proof of delivery.   '

6.      At my direction, a process server served the *Notice of Intent to Service on Zane Tackett* on Bryan Kanady on November 18, 2024.  A true and correct copy of the Proof of Service is attached as Exhibit C.

7.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 5, 2024

_____

Tiffany M. Ikeda

Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DEBTORS' RESPONSES AND OBJECTIONS TO THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.'S (I) THIRD SET OF INTERROGATORIES AND (II) THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 30, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these chapter 11 proceedings by Rules 7026, 7030, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable law, rules, or orders of the Court (collectively, the "Applicable Rules"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned attorneys, hereby submit these responses and objections (the "Responses") to (i) *The Joint Liquidators of Three Arrows Capital, Ltd.'s Third Set of Interrogatories Directed to the Debtors* (the "Interrogatories") and (ii) *The Joint Liquidators of Three Arrows Capital, Ltd.'s Third Set of Requests for the Production of Documents Directed to the Debtors* (the "Document Requests"), each dated October 9, 2024 and served by Russell Crumpler and Christopher Farmer, in their capacities as the duly authorized joint liquidators (the

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

"Joint Liquidators") of Three Arrows Capital, Ltd. ("3AC"), in connection with the *Debtors'*

*Objection to Proofs of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.*

[D.I. 19797] (the "Claim Objection").[2]

## GENERAL OBJECTIONS

The general objections set forth below (the "General Objections") apply to the

Discovery generally and to each definition in the Discovery (the "Definitions"), each instruction

in the Discovery (the "Instructions"), Document Request, and Interrogatory, and unless otherwise

stated, shall have the same force and effect as if fully set forth in response to each Definition,

Instruction, Document Request, and Interrogatory.  Any objection to a Definition or Instruction

shall also apply to any other Definition, Instruction, Document Request, or Interrogatory that

incorporates that Definition or Instruction.  No response to any specific Document Request or

Interrogatory is, or shall be deemed to be, a waiver of the General Objections or the specific

objections set forth below.  The fact that an objection is not listed herein does not, and shall not,

constitute a waiver of that objection or otherwise preclude the Debtors from raising that objection

at a later time.

1.      The Debtors object to the Discovery and accompanying Definitions and

Instructions to the extent that they are vague and ambiguous, overly broad, unduly burdensome,

lacking in particularity, unreasonable, or seek information that is neither relevant to nor

proportional to the needs of the Claim Objection or any party's claim or defense in connection

with the Claim Objection.  The Debtors will construe the Discovery and accompanying Definitions

and Instructions in accordance with the Debtors' obligations under the Applicable Rules.

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Document
Requests.

2.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules.  The Debtors will construe the Discovery and accompanying Definitions and Instructions in accordance with the Debtors' obligations under the Applicable Rules.

3.      The Debtors object to the Discovery to the extent that it is duplicative of, or otherwise inconsistent with, the voluminous informal discovery provided by the Debtors to the Joint Liquidators of 3AC at significant burden and expense to the Debtors and their estates.  Certain Responses below include information that has already been provided by the Debtors to 3AC, but is included herein for completeness.

4.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege, or that is otherwise protected from disclosure under the Applicable Rules.  Nothing contained in these Responses is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege, if any, are provided for clarity only, and the absence of a Specific Objection is neither intended to be, nor should be interpreted as, evidence that the Debtors do not object to a Document Request or Interrogatory on the basis of an applicable privilege, immunity, or protection.

5.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek production of information that is a matter of public record

and/or information that is equally available to the Joint Liquidators of 3AC, or otherwise more appropriately directed to another party or person.

6.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek documents or information outside of the Debtors' possession, custody, or control.

7.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek the production of information that is confidential, proprietary, commercially sensitive, or contains customer or personal information relating to the Debtors, their affiliates, and their current or former officers, directors, employees and/or advisors, clients, customers, or counterparties.  The Debtors' production of any documents in response to the Requests shall be subject to the terms of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 832].

8.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to require the Debtors to conduct anything beyond a reasonable search of readily accessible sources where responsive documents or information, including electronically stored information, are reasonably expected to be found.

9.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to require the Debtors to draw legal or factual conclusions, or are predicated on legal or factual conclusions or arguments.  No response to any specific Document Request or Interrogatory is, or shall be construed as, a legal or factual conclusion concerning any of the terms used in the Document Request or Interrogatory.

10.     The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they assume the existence of facts that do not exist or the occurrence

of events that did not take place. No response to any specific Document Request or Interrogatory is, or shall be construed as, an admission that any factual predicate stated in the Document Request or Interrogatory is accurate.

11.     No incidental or implied admissions are intended by the objections herein, nor shall the fact that the Debtors have objected or responded, or not objected or responded, to a particular Document Request or Interrogatory be construed as an admission or indication that the Debtors possess documents responsive to such Document Request or Interrogatory, or any other Document Request or Interrogatory. Similarly, a statement that the Debtors will produce documents in a response to a Document Request does not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they exist, can be located through a reasonable search, and are not otherwise protected from disclosure.

12.     The Debtors reserve all objections that may be available to them at any hearing or trial or on any motion to the use or admissibility of any material produced.

13.     These Responses are based solely on facts reasonably known to the Debtors at the time of responding to the Discovery. The Debtors reserve the right, but do not assume the obligation, to amend, supplement, or otherwise modify the content of these Responses at any time.

## OBJECTIONS TO DEFINITIONS

14.     The Debtors object to each of the Definitions, and to any Definition, Instruction, Document Request or Interrogatory that incorporates the Definition, to the extent that the Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Applicable Rules.

15.     The Debtors object to the Definitions of "Communication," "Document" or "Documents," and "relating to," and to any Definition, Instruction, Document Request or Interrogatory that incorporates one of those Definitions, to the extent that they purport to impose

burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

16.     The Debtors object to the Definition of "Debtors," "FTX," "You" or "Your," and to any Definition, Instruction, Document Request or Interrogatory that incorporates that Definition, as overly broad, vague, and unduly burdensome to the extent that it includes "any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting Your behalf" or purports to seek information regarding non-Debtors. The Debtors further object to this Definition, and to any Definition, Instruction, Document Request or Interrogatory that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

17.     The Debtors object to the Definition of "3AC" and to any Definition, Instruction, Document Request or Interrogatory that incorporates that Definition, as overly broad, vague, and unduly burdensome to the extent that the Definition includes "any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu." The Debtors further object to this Definition, and to any Definition, Instruction, Document Request or Interrogatory that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected

from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

18.    The Debtors object to the Definition of "Person," and to any Definition, Instruction, Document Request or Interrogatory that incorporates that Definition, as overly broad, vague, and unduly burdensome to the extent that the Definition includes "any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity."  The Debtors further object to this Definition, and to any Definition, Instruction, Document Request or Interrogatory that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

## <u>OBJECTIONS TO INSTRUCTIONS TO INTERROGATORIES</u>

19.    The Debtors object to the following instructions to the Interrogatories (the "<u>Interrogatory Instructions</u>").  The failure to object to any of the Interrogatory Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

20.    The Debtors object to the Interrogatory Instructions, and to each Interrogatory incorporating any such Interrogatory Instructions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

21.     The Debtors object to Interrogatory Instruction Nos. 1, 3, 4, 6, and 10 and to each Interrogatory incorporating any such Interrogatory Instruction as overly broad and unduly burdensome.

22.     The Debtors object to Interrogatory Instruction Nos. 1 and 7, and to each Interrogatory incorporating any such Interrogatory Instructions, as vague and ambiguous, in particular its inclusion of "assisted in" and "reasonable."

## OBJECTIONS TO INSTRUCTIONS TO DOCUMENT REQUESTS

23.     The Debtors object to the following instructions to the Document Requests (the "RFP Instructions").  The failure to object to any of the RFP Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

24.     The Debtors object to the RFP Instructions to the extent that they seek to impose requirements on the Debtors that are unreasonable, unduly burdensome, non-customary or greater than those imposed by the Applicable Rules.

25.     The Debtors object to RFP Instruction Nos. 4, 8, and 10 and to each specific Document Request incorporating any such RFP Instruction as overly broad and unduly burdensome.  The Debtors further object to these RFP Instructions, and to each specific Request incorporating any such RFP Instructions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

26.     The Debtors further object to RFP Instruction No. 4 and 5 and to each specific Document Request incorporating any such RFP Instructions, as vague and ambiguous, in particular its inclusion of "constructive possession," "superior right or practical ability," and "deletion or redactions."

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Interrogatories as follows:

## INTERROGATORY NO. 1

Identify all current or former employees of Debtors with personal knowledge relating to 3AC, including providing the name, title, and last known physical address, phone number, and email address for each current and former employee, and describe their personal knowledge relating to 3AC.

## RESPONSE TO INTERROGATORY NO. 1

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above. The Debtors also object to this Interrogatory to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors already responded to Interrogatory No. 1 via email on October 17, 2024 and November 4, 2024. As stated in those emails and in the interest of completeness, to the best of the Debtors' understanding, the following current and former employees are likely to have personal knowledge relating to the business relationship between 3AC and the Debtors.

**Name**: Sam Bankman-Fried
**Former Title:** CEO and Founder, FTX Trading
**Counsel Contact Information:**
Marc Phillips (MPhillips@mmwr.com)
Montgomery McCracken Walker & Rhoads, LLP


**Name**: Nishad Singh
**Former Title**: Director of Engineering, FTX Trading
**Counsel Contact Information**:

Russell Capone
RCapone@cooley.com
Cooley LLP


**Name:**  Caroline Ellison
**Former Title**:  Co-CEO, Alameda Research LLC
**Counsel Contact Information**:
Nick Werle
Nick.Werle@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP


**Name:**  Ryan Salame
**Former Title**: CEO and Chairman, FTX Digital Markets Ltd.
**Counsel Contact Information**:
Gina Parlovecchio
GParlovecchio@mayerbrown.com
Mayer Brown LLP


**Name**:  Zane Tackett
**Former Title**:  Head of Institutional Sales, FTX Trading
**Contact Information**:
tackett.zane@gmail.com
(720)263-6274
5229 CR 5, Erie, CO 80516


## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Subject to and without waiving the foregoing General Objections, Objections to

Definitions, and Objections to Instructions to Document Requests, which are hereby expressly

incorporated into each of the following specific objections and responses as if fully set forth

therein, the Debtors respond to the Requests as follows:

## DOCUMENT REQUEST NO. 1

All Documents and Communications between You and 3AC, or relating to 3AC,
between June 1 and 30, 2022, including but not limited to those constituting or relating to:

a. The message sent by Zane Tackett on June 15, 2022 stating "We had to liquidate
3AC on their LOC," which is quoted in FTX_3AC_000000350; or

b. The messages sent on or around the week of June 19, 2022 from Zane Tackett "about ftx liquidating 3AC" referenced in FTX_3AC_000001394.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent that it is duplicative of Document Request No. 5 of *The Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Requests for the Production of Documents Directed to the Debtors* (the "First Set of RFPs"), dated July 10, 2024 and served by the Joint Liquidators.

Subject to and without waiver of their Objections, the Debtors refer the Joint Liquidators to materials previously produced to the Joint Liquidators and in particular, three previously produced documents bearing production numbers FTX_3AC_000013826 through FTX_3AC_000013829, FTX_3AC_000013830 through FTX_3AC_000013837, and FTX_3AC_000013913 through FTX_3AC_000013917.

**DOCUMENT REQUEST NO. 2**

All Documents and Communications reviewed by Robert Gordon to prepare for his September 19, 2024 deposition in the above captioned proceeding, including but not limited to:

a. The Alvarez & Marsal presentation dated on or around September 10, 2024 referenced by Mr. Gordon (44:9-11);

b. All "additional updates and edits" to the Alvarez & Marsal presentation referenced by Mr. Gordon (45:6-11); and

c. The three "FTX documents" relating to "collateral management," "liquidation," and "the spot margin program" referenced by Mr. Gordon (46:6-47:25).

**RESPONSE TO DOCUMENT REQUEST NO. 2**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent that the Request purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege. The Debtors further object to this Document Request to the extent that it is duplicative of Document Request No. 3.

Subject to and without waiver of their Objections, in response to Document Request Nos. 2(a)-(b), the Debtors refer the Joint Liquidators to three previously produced documents bearing production numbers FTX_3AC_000013874 through FTX_3AC_000013911, FTX_3AC_000013912, and FTX_3AC_000013918 through FTX_3AC_000013939, and in response to Document Request No. 2(c), the Debtors refer the Joint Liquidators to three previously produced documents bearing production numbers FTX_3AC_000013844 through FTX_3AC_000013852, FTX_3AC_000013853 through FTX_3AC_000013861, and FTX_3AC_000013862 through FTX_3AC_000013873. The Debtors will produce any additional non-privileged documents responsive to this Document Request if any are identified by the Debtors after a reasonable search.

**DOCUMENT REQUEST NO. 3**

All Documents and Communications relating to the meeting between Robert Gordon and the FTX developer named "Nils" referenced in Mr. Gordon's deposition in the above-captioned proceedings (51:2–25), including any notes taken by or for Robert Gordon or Nils.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent that the Request purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege. The Debtors further object to this Document Request to the extent that it is duplicative of Document Request No. 2.

Subject to and without waiver of their Objections, the Debtors will produce any non-privileged documents responsive to this Document Request if any are identified by the Debtors after a reasonable search.

**DOCUMENT REQUEST NO. 4**

Documents sufficient to show the last known physical address, phone number, and email address for : (a) the FTX developer named "Nils" referenced in Robert Gordon's deposition in the above-captioned proceedings (51:2–25); and (b) each of Your current and former employees with personal knowledge relating to 3AC's account.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, in response to Document Request No. 4(a), Nils Molina is an employee of the Debtors and is represented by Sullivan & Cromwell

LLP.  The Joint Liquidators recognized as such when they served a deposition notice for Mr. Molina on the Debtors via counsel to the Joint Liquidators' October 28, 2024 email to the counsel for the Debtors.  Any communications to Mr. Molina may be addressed to Sullivan & Cromwell LLP.

Subject to and without waiver of their Objections, in response to Document Request No. 4(b), the Debtors refer the Joint Liquidators to the Debtors' Response to Interrogatory No. 1 above.

## DOCUMENT REQUEST NO. 5

Documents sufficient to show the public address for each wallet in which the assets in 3AC's account with You were stored between the opening of the account and the present.

## RESPONSE TO DOCUMENT REQUEST NO. 5

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above.  The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.  The Debtors further object to this Document Requests insofar as it calls for documents relating to wallets that were not controlled by the Debtors.

Subject to and without waiver of their Objections, the Debtors respond that deposits of cryptocurrency made by 3AC onto the FTX.com exchange were initially deposited into wallets associated with 3AC's accounts on the FTX.com exchange (the "3AC Deposit Wallets"), which can be identified in a previously produced document bearing production number FTX_3AC_000000005.  Generally, cryptocurrency deposited into any 3AC Deposit Wallet was moved into FTX.com "sweep" wallets in the ordinary course of the Debtors' business.  All

transfers from a 3AC Deposit Wallet to any other wallet, including the "sweep" wallets, can be identified by the Joint Liquidators and their advisors on the public blockchain.

**DOCUMENT REQUEST NO. 6**

Documents sufficient to show Your assets and liabilities between June 1 and June 30, 2022.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

For the following and foregoing reasons, the Debtors will not search for or produce materials in response to this Document Request because it is not relevant to the Claim Objection or any other matter between 3AC and the Debtors, and any responsive materials are therefore outside the scope of discovery. Further, as the Document Request is not relevant, the substantial burden to the Debtors of identifying documents reflecting all the Debtors' assets and liabilities over a 30-day period is grossly disproportionate to the needs of the Claim Objection.

**DOCUMENT REQUEST NO. 7**

All Documents relating to: (a) the negative U.S. dollar balances in 3AC's account reflected in FTX_3AC_000000038 between June 12 and 15, 2022; or (b) any amounts You contend that 3AC owed to Your other customers.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The

Debtors further object to this Document Request to the extent that it is duplicative of Document Request No. 1 of the First Set of RFPs.

Subject to and without waiver of their Objections, the Debtors refer the Joint Liquidators to the following previously produced documents bearing production numbers FTX_3AC_000000001, FTX_3AC_000000002, FTX_3AC_000000003, FTX_3AC_000000004, FTX_3AC_000000005, FTX_3AC_000000006, FTX_3AC_000000008, FTX_3AC_000000009, FTX_3AC_000000010, FTX_3AC_000000011, and FTX_3AC_000000056.  The Debtors further refer the Joint Liquidators to the Debtors' Supplemental Response to Interrogatory No. 1, dated September 3, 2024, to *The Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Interrogatories Directed to the Debtors*, dated July 10, 2024 and served by the Joint Liquidators, in which the Debtors identified by their production numbers a list of agreements and documents related to 3AC's accounts on the FTX.com platform.  The Debtors also refer the Joint Liquidators to the two previously produced public documents bearing production numbers FTX_3AC_000013853 through FTX_3AC_000013861 and FTX_3AC_000013862 through FTX_3AC_000013873.

## DOCUMENT REQUEST NO. 8

All Documents and Communications You intend to rely on to support Your Objection to the Proofs of Claim filed by the Joint Liquidators in the above-captioned action, or to support any Objection to any amended Proofs of Claims that may be filed by the Joint Liquidators.

## RESPONSE TO DOCUMENT REQUEST NO. 8

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above.  The Debtors also object to this Document Request to the extent that it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.  The Debtors further object to this Document Request to the extent that the Request purports to seek

information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege. The Debtors also object to this Document Request as premature prior to the determination regarding which proofs of claim or amended proofs of claim filed or may be filed by the Joint Liquidators will be the operative proofs of claim. The Debtors further object to this Document Request as it requires the Debtors to prematurely disclose privileged litigation strategy and assume a legal position.

For the foregoing reasons, and without waiver of any Objections, the Debtors will not produce materials in response to this Document Request at this time.

Dated:  November 8, 2024
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       bellerb@sullcrom.com

*Counsel for Debtors and Debtors-in-Possession*

# Exhibit B

**FedEx**®

December 04, 2024

Dear Customer,

The following is the proof-of-delivery for tracking number: 281718601920

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | B.KANADAY | **Delivery Location:** | |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery | | Erie, CO, |
| | | **Delivery date:** | Nov 13, 2024 10:32 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 281718601920 | **Ship Date:** | Nov 12, 2024 |
| | | **Weight:** | 0.5 LB/0.23 KG |
| **Recipient:** | | **Shipper:** | |
| Erie, CO, US, | | New York, NY, US, | |

**Reference**                072812-0001 84106

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.  Please check again later for a signature.

Thank you for choosing FedEx

Exhibit C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:  FTX Trading Ltd., et al.,    Debtors

CASE NO. : 22-11068 (JTD)
CHAPTER 11

## PROOF OF SERVICE

I am not a party herein, am over 18 years of age and reside in the State of Colorado,

That on **11/18/2024** at **7:10 PM** at **5229 CR 5, Erie, CO 80516**

I served a(n) **Notice of Intent to Serve Subpoena on Zane Tackett**

by personally delivering thereat a true copy of each to **Bryan Kanaday, Stepfather of Zane Tackett.**

<u>Description of Person Served:</u>
Gender : Male
Skin : White
Hair : Brown
Age : 51 - 65 Yrs.
Height : 5' 9" - 6' 0"
Weight : 161-200 Lbs.
Other :

I declare under penalty of perjury that the forgoing is true and correct.

<u>Dated: November 20, 2024</u>

Katya Gaytan

Serving By Irving, Inc. | 18 East 41st Street, Suite 1600 | New York, NY 10017
New York City Dept. of Consumer Affairs License No. 0761160