**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24–mc–00121-CNS-STV

JOINT LIQUIDATORS OF THREE ARROWS
CAPITAL, LTD.,

     Petitioner,

v.

ZANE TACKETT,

     Respondent.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

     This matter is before the Court on Petitioner's Motion for Substituted Service on Respondent Zane Tackett (the "Motion") [#1], which was referred to this Court [#3]. Through the Motion, Petitioner requests that the Court permit substituted service for Respondent Zane Tackett pursuant to Colorado Rule of Civil Procedure 4(f). [#1] For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

     The underlying dispute involves the insolvency proceedings of two entities: Three Arrows Capital, Ltd. ("3AC Debtor") and FTX Trading Ltd. ("FTX Debtors"). [#1 at ¶ 1] The 3AC Debtor, a hedge fund incorporated in the British Virgin Islands ("BVI") that focused on cryptocurrency and digital asset investments, collapsed in May and June 2022 during significant volatility in cryptocurrency markets. [*Id.* at ¶ 2] On June 27, 2022, the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands

(Commercial Division) commenced liquidation proceedings for the 3AC Debtor.  [*Id*.] On July 1, 2022, the Joint Liquidators initiated Chapter 15 proceedings in the U.S. Bankruptcy Court for the Southern District of New York, seeking recognition of the 3AC Debtor's foreign main proceeding in the BVI.  [*Id*. at ¶ 3]  Recognition was granted on July 28, 2022 (Case No. 22-10920 (MG)).  [*Id*.]

Zane Tackett, the former Head of Institutional Sales at FTX Trading, is believed to have critical information regarding the relationship between FTX and the 3AC Debtor, including events surrounding the liquidation of 3AC Debtor's assets.  [*Id*. at ¶ 9]  The Joint Liquidators prepared a subpoena for Mr. Tackett, seeking documents and deposition testimony regarding these matters.  [*Id*. at ¶ 10]  Attempts to personally serve the subpoena at Mr. Tackett's last known address in Erie, Colorado, were unsuccessful, as Mr. Tackett was reported to be traveling internationally with no known return date. [*Id*. at ¶ 11]  On November 12, 2024, the subpoena was mailed to Mr. Tackett's residence, where it was received and signed for by his stepfather.  [*Id*.]  Despite further attempts at personal service, the process server was unable to locate Mr. Tackett, although a Notice of Intent to Serve Subpoena was successfully delivered to Mr. Tackett's stepfather on November 18, 2024.  [*Id*.] On December 5, 2024, Petitioner filed this Motion seeking authorization for substituted service to ensure compliance with the subpoena.  [#1]

## II.  ANALYSIS

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts

of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Petitioner's Motion for Substitute Service fails to comply with the requirements of Colorado Rule 4(f). As a preliminary matter, Colorado Rule 4(f) requires that the motion be "supported by an affidavit of the *person attempting service*" (emphasis added). Petitioner has submitted an affidavit from Hailey Weng, director of operations at Serving

By Irving, Inc., in support of their Motion.  [#1-2]  Ms. Weng, however, was not "the person attempting service" on Mr. Tackett, but instead offers testimony regarding the purported efforts of two independent contractors of Serving By Irving, Inc. to serve Mr. Tackett.  [*Id*. at ¶¶ 1-4]  Because Petitioner has failed to comply with the requirements of Colorado Rule 4(f), the Court **DENIES WITHOUT PREJUDICE** the Motion for Substituted Service.  *See Allen v. Pinery, LLC*, No. 17-cv-00688-MSK-STV, 2017 WL 11685633, at *5 (D. Colo. July 28, 2017)

Accordingly, **IT IS ORDERED** as follows:

    1. Petitioner's Motion [#1] is **DENIED WITHOUT PREJUDICE**;

    2. Petitioner may file an amended motion for substitute service that fully complies with the requirements of Colorado Rule 4(f) on or before January 17, 2025.


DATED:  December 12, 2024                    BY THE COURT:

                                             s/Scott T. Varholak
                                             United States Magistrate Judge